STEVEN B. WOLFSON
DISTRICT ATTORNEY
State Bar No. 1565
**CIVIL DIVISION**
By: **STEPHANIE A. BARKER**
Chief Deputy District Attorney
State Bar No. 3176
By: **YOLANDA T. GIVENS**
Deputy District Attorney
State Bar No. 4434
500 South Grand Central Pkwy., 5th Flr.
Las Vegas, Nevada 89155-2215
Telephone: (702) 455-4761
Facsimile: (702) 382-5178
Stephanie.Barker@clarkcountyda.com
Yolanda.Givens@clarkcountyda.com
*Attorneys for Defendant CLARK COUNTY*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RENEE DILLINGHAM, | |
| Plaintiff, | Case No: 2:13-cv-02083-JAD-CWH |
| vs. | |
| COUNTY OF CLARK, a political subdivision of the State of Nevada | |
| Defendant. | |

**STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS**

Plaintiff RENEE DILLINGHAM, by and through her counsel of record, DANIEL MARKS, ESQ., and Defendant COUNTY OF CLARK, by and through its attorneys, STEPHANIE A. BARKER, Chief Deputy District Attorney, and YOLANDA T. GIVENS, Deputy District Attorney, hereby agree and stipulate as follows:

1.  The parties enter into this Stipulation and Protective Order under Federal Rule of Civil Procedure 26(c) to establish procedures for the handling of certain documents produced by the parties in response to discovery requests as described herein.

///

///

2. Any party may designate and mark certain documents produced in response to discovery requests as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." The party designating such documents shall be referred to as the Designating Party and any party in receipt of such documents shall be referred to as the Receiving Party. Documents so marked may be used only for purposes of this litigation.

3. Except as otherwise ordered by this Court, documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and the contents of documents so marked, may <u>not</u> be filed with the court and made part of the public litigation record <u>except</u> as otherwise specifically provided herein, but may be disclosed to the of following limited categories of persons and, subject to the terms of this Stipulation, may also be disclosed:

    (a) counsel of record for Plaintiff;

    (b) counsel of record for Defendant;

    (c) the non-technical and clerical staff employed by counsel of record;

    (d) interpreters and copying services employed by counsel of record to the extent reasonably necessary to render professional services in this case;

    (e) any private court reporter retained by counsel for depositions in this case;

    (f) subject to the terms of paragraph 5, persons retained by counsel to serve as expert witnesses or consultants in this case;

    (g) to the extent deemed necessary by the Court, personnel of the Court including court reporters, officials and employees of the Clerk of Court, and staff of the presiding United States District Judge and United States Magistrate Judge; and

    (f) employees or agents of the County of Clark.

4. If counsel for a Receiving Party determines that it is necessary to disclose any document(s) marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any persons other than the individuals included in paragraph 3, that counsel shall make written request to counsel for the Designating Party seeking consent to the disclosure, and setting forth therein the grounds for the proposed disclosure. The Designating Party shall respond to the Receiving Party's request within seven calendar days unless the Receiving Party agrees to a longer period. If counsel

for the Designating Party does not consent, counsel for the Receiving Party and counsel for the Designating Party shall within five court days of the Designating Party's response meet and confer in person or telephonically regarding the issue, during which meeting and conference counsel for the Receiving Party shall specify the reasons why disclosure is necessary. If any agreement is not reached, the Designating Party shall move the Court within the ten calendar days of the meeting and conference for a protective order preventing disclosure. The Receiving Party shall not disclose the document(s) unless the Designating Party has failed to file a motion within the time allowed or the Court has denied the motion.

   5. If counsel for the Receiving Party determines that it is necessary to disclose any document(s) marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to an expert or consultants retained to render professional services in this case, that counsel shall notify counsel for the Designating Party in writing at least seven days before the proposed disclosure with the name of the expert or consultant. The Designating Party shall respond to the Receiving Party's notification within seven calendar days unless the Receiving Party agrees to a longer period. If counsel for the Designating Party objects, counsel for the Receiving Party and counsel for the Designating Party shall within five court days of the Designating Party's response meet and confer in person or telephonically regarding the issue. If an agreement is not reached, the Designating Party shall move the court within ten calendar days of the meeting and conference for a protective order preventing disclosure. The Receiving Party shall not disclose the document(s) unless the Designating Party has failed to file a motion within the time allowed or the Court denies the motion.

   6. Any party may object to the propriety of the designation of documents as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" by written objection, setting forth in writing the grounds for the objection. The Designating Party shall respond to the Receiving Party's objection within seven calendar days unless the Receiving Party agrees to a longer period. If an agreement is not reached, counsel for the Receiving Party and counsel for the Designating Party shall within five court days of the Designating Party's response meet and confer in person or telephonically, during which meeting and conference counsel for the Receiving Party shall specify the grounds for objection with respect to each document at issue. If the parties cannot agree, then the

Designating Party will then have ten calendar days after the conference of counsel to file a motion to preserve the confidentiality designation. The burden of proof to demonstrate confidential treatment of any information at all times remain with the Designating Party. The parties shall treat the document(s) as subject to this Stipulation and Order unless the Designating Party has failed to file a motion within the time allowed or the Court has denied the motion.

7. Before disclosing any document(s) marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any person identified in subparagraph (c) of paragraph 3, counsel of record for the Receiving Party shall advise that person of the terms of this Stipulation and Protective Order and that he or she is bound by those terms. In addition, before disclosing any document(s) marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any person identified in subparagraphs (d), (e), or (f) of paragraph 3, counsel for the Receiving Party shall ensure that the person (1) has read and agrees to the terms of this Protective Order and (2) has acknowledged his or her agreement by signing a copy of the attached Acknowledgment before any such document(s) is disclosed to him or her:

## ACKNOWLEDGMENT

I have read the Stipulation and Protective Order Regarding Confidential Documents produced by the parties in this case. I understand its terms and agree to be bound by the terms of the Protective Order. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me. I consent to personal jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

8. Counsel for each party shall retain copies of the Acknowledgment forms executed by persons authorized for access on behalf of that party until this litigation, including all appeals, concludes, and shall provide copies of all executed Acknowledgment forms to counsel for the other party. Nothing in this Protective Order restricts the Designating Party's own disclosure of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

9. Any person receiving access to a document(s) marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall maintain the document(s), any copies of the document(s), and any information derived from the document(s) in a confidential manner and shall

///

take steps to avoid disclosure to persons not authorized under this Order to have access to the document(s) or information.

10. Within thirty days of the conclusion of this litigation, including all appeals, counsel for the Receiving Party shall destroy or send to counsel for the Designating Party all copies of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

11. In connection with a deposition in this case, a witness or any counsel may indicate that a question or answer refers to the content of a document(s) marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." If the indication occurs on the record during the deposition, all persons not authorized to review such document(s) shall leave the deposition room until completion of the answers referring to the document(s) and the reporter shall mark the transcript of the designated testimony "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

12. If any party wishes to submit into the written record of this case by filing with the court any document(s) marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER," or excerpts from any such document(s), that party shall seek to submit the document(s) under seal so as to protect confidential nature of the content of said document(s). A protocol for utilization at trial of any document(s) marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER," shall be agreed to in writing between the parties prior to the time of pretrial conference, and if no agreement can be reached, shall be submitted to the Court at the time of pretrial conference, along with a written list of proposed exhibits which fall into this category, for the Court's direction.

13. Nothing in this Stipulation and Protective Order prevents any party from challenging any assertion of confidentiality or privilege by any party, and nothing in this Stipulation and Protective Order constitutes a waiver of any assertion of privilege by any party or precludes any party from moving for consideration of information ex parte and in camera.

///
///
///
///

14. Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

DATED this 13th day of January, 2014.

STEVEN B. WOLFSON
DISTRICT ATTORNEY

By: _____
STEPHANIE A. BARKER
Chief Deputy District Attorney
State Bar No. 3176
Las Vegas, Nevada 89155-2215
*Attorneys for Defendant CLARK COUNTY*

DATED this 13th day of January, 2014.

MARKS LAW OFFICES

By: */s/ Daniel Marks, Esq.*
DANIEL MARKS, ESQ.
Nevada Bar No. 2003
530 South Las Vegas Blvd. Suite 300
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

### ORDER

IT IS SO ORDERED.

Dated this 14th day of January, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

# ACKNOWLEDGMENT FORM

I, ___________________________, have read the foregoing STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS produced by the parties in the case of *Renee Dillingham v. Clark County*, USDC Case No. 2:13-cv-02083, and state as follows:

1. I am a qualified person pursuant to Paragraph 3 of the Protective Order;

2. I understand its terms and agree to be bound by the terms of the Protective Order;

3. I agree to the receipt of confidential information pursuant to the terms of the Protective Order;

4. I agree to follow and be bound by the terms and conditions of the Protective Order as to the confidentiality of any and all documents so marked;

5. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me; and

6. I consent to personal jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

DATED this _____ day of ___________, 20___.

Sign Name: ______________________________________

Print Name: ______________________________________

SUBSCRIBED and SWORN to before me
by ________________________________,
this ___ day of ____________, ________,
in the County of Clark, State of Nevada.

________________________________
NOTARY PUBLIC